UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

ROBERT W. KORNEGAY, SR.,                   CASE NO.:  16-40367-KKS
                                           CHAPTER:  7
    Debtor.
_____/

J. GREGG WHITTAKER &                       ADV. NO. 16-04016-KKS
ANNETTE WHITTAKER

    Plaintiffs,

v.

ROBERT W. KORNEGAY, SR.

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS (DOC. 15)

THIS MATTER is before the Court on Defendant's *Motion to Dismiss* ("Motion," Doc. 15) filed on May 18, 2017. Plaintiff filed his *Response to Defendant's Motion to Dismiss* ("Response," Doc. 24) on June 22, 2017. On July 3, 2017, Defendant filed his *Supplemental Memorandum of Law* ("Memo," Doc. 25). Plaintiff filed his *Response to Defendant's Supplemental Memorandum of Law* ("Response to Memo," Doc. 26) on July 20, 2017. After reviewing the pleadings, the Court finds that the Motion should be granted for the reasons stated below.

SK

In the Motion, Defendant argues that that Complaint was not timely filed because Defendant did not receive a copy of the Complaint until May 2, 2017, more than five months after the deadline to file an adversary pleading. Defendant's Memo seems to recognize that the Complaint was timely filed, but alleges that because it was not served until over five months later, the Complaint violates Fed. R. Civ. P. 4(m), made applicable by Fed. R. Bankr. P. 7004.[1] Defendant alleges that Plaintiff never sought an extension of the service deadline, nor did he show cause as to why the service deadline should be extended. This allegation is incorrect.

On March 17, 2017, the Court entered an Order to Show Cause as to why the case should not be dismissed for failure to prosecute (Doc. 5). Plaintiff filed a response to the Order to Show Cause stating that he was not familiar with the service process, and asking for an opportunity to properly serve the Complaint (Doc. 8). The Court found this response satisfactory and entered an order requiring service of the Complaint by May 5, 2017 (Doc. 9). Plaintiff served Defendant with the Complaint on

---

[1] Fed. R. Civ. P. 4(m) states in pertinent part: "If a defendant is not served within 90 days after the complained is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

2

May 2, 2017, as evidenced by the Return of Service (Doc. 14). Therefore, the Complaint was timely served.

Additionally, Defendant argues that Plaintiff is engaging in the unlicensed practice of law because he signed the Complaint, while Annette Whittaker did not, as required by Rule 9011(a).[2] Plaintiff states in his Response that he and Annette Whittaker "commit to both signing any and all relevant documentation moving forward,"[3] but did not move to amend the Complaint, or attempt to correct the omission of Annette Whittaker's signature on the Complaint. For that reason, the Motion is granted, with prejudice, as to Annette Whittaker, who is not a party in this case, and is now time-barred from filing an adversary complaint.

The remaining issues are: 1) whether Plaintiff alleged fraud with enough particularity to survive dismissal; and 2) whether Plaintiff has sufficiently pled a cause of action for breach of fiduciary duty.

In the Motion, Defendant argues that Plaintiff has not pled sufficient specific facts for the Court to make a finding of fraud. Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009, states "In

---

[2] Fed. R. Bankr. P. 9011(a) states, in pertinent part: "A party who is not represented by an attorney shall sign all papers. . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."
[3] Doc. 24 at 3.

3

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In his Complaint, Plaintiff alleges several actions committed by Defendant, but fails to show how these actions constitute fraud. Plaintiff attempts to allege fraud, specifically in paragraphs 39-44 of the Complaint, but the allegations are too vague to rise to the level of particularity required under Rule 9(b). As stated by the Eleventh Circuit, Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'"[4] Here, Plaintiff has failed to allege precise misconduct that would show that Defendant committed fraud.

In the Motion, Defendant also argues that Plaintiff did not specifically plead breach of fiduciary duty such that the Complaint should survive dismissal. This is also true. Plaintiff alleges in paragraph 42 of the Complaint that "[t]he failures by Kornegay described herein constitute fraud and breach of fiduciary duty,"[5] but Plaintiff has failed to

---

[4] *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1370-1371 (11th Cir. 1997) (quoting *Durham v. Business Management Associates,* 847 F.2d 1505 (11th Cir. 1988)).
[5] Doc. 1.

assert what type of fiduciary relationship exists that Defendant has breached. Under 11 U.S.C. §523(a)(4), a debt will not be discharged "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Plaintiff has not established the fiduciary capacity Defendant was acting under when he committed the actions alleged in the Complaint. Without more specificity, the Court cannot make a finding of breach of fiduciary duty.

For the reasons stated, it is

ORDERED:

1. The *Motion to Dismiss* (Doc. 15) is GRANTED.

2. As to Annette Whittaker, the Motion is GRANTED with prejudice. Annette Whittaker is prohibited from filing any further pleading as the deadline to file an adversary complaint has passed, and no further extension has been granted.

3. Plaintiff, J. Gregg Whittaker, has twenty-one (21) days to file an amended complaint. If no amended complaint is filed, the case will remain dismissed.

4. The hearing currently scheduled for August 17, 2017 is canceled.

DONE and ORDERED on ___August 14, 2017___.

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

Defendant's attorney is directed to serve a copy of this Order on interested parties and to file a Proof of Service within three (3) days of entry of this Order.

cc: all parties in interest
J. Gregg Whittaker &
Annette Whittaker
1416 Woodbury Lane
Liberty, MO 64068